.

**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | | |
|---|---|---|
| **William Lincoln, Jr.** | : | **CIV. ACTION NO. 16-990 (RMB)** |
| | : | |
| **Petitioner,** | : | |
| | : | |
| **v.** | : | **OPINION** |
| | : | |
| **David Owens,** | : | |
| | : | |
| **Respondent.** | : | |

_____

**RENÉE MARIE BUMB,** U.S. District Judge

On February 22, 2016, Petitioner, an inmate in Camden County
Jail, filed a petition for writ of habeas corpus under 28 U.S.C. §
2241, challenging his arrest, and his conviction and sentence in
Camden County Superior Court. (Pet., ECF No. 1.) Petitioner submitted
an application to proceed in forma pauperis under 28 U.S.C. § 1915
in lieu of the $5.00 filing fee. Petitioner has established his
inability to pay the filing fee, and his IFP application will be
granted. (ECF No. 3 at 1-4). The Court has examined the petition under
Rule 4 of the Rules Governing Section 2254 Cases in the United States

1

District Courts,[1] and concludes the petition should be dismissed for lack of jurisdiction.

I.    THE PETITION

Petitioner is confined in Camden County Jail. (Pet. ECF No. 1, ¶2.) He pled guilty in Camden County Superior Court to possessing heroin and "racketeering, conspire, possess a controlled dangerous substance." (Id., ¶¶4, 6.) On February 26, 2016, he was sentenced to a five-year term of imprisonment, with no parole for 27 months. (Id., ¶5.)

Petitioner set forth three grounds for relief. First, he alleged Camden County Superior Court was without jurisdiction over him. Petitioner claimed the court was without jurisdiction because on January 25, 2016, the trial court judge, the Honorable John T. Kelly, admitted that the matter before him was not "a transaction of a security interest." (Id., ¶10(a)). Judge Kelly was unable to produce "the delegation of authority orders signed by a[n] Article III Judge in written form, produce a 1099 form and produce the injured party who made a claim against me." (Id.) Petitioner stated the court was without jurisdiction over him because the judge did not produce these items. (Id.)

---

[1] The Rules Governing Section 2254 Cases in the United States District Courts are applicable to cases under 28 U.S.C. § 2241 pursuant to Rule 1(b), the scope of the Rules.

2

In Petitioner's second ground for relief, he alleged the Complaint/Warrant against him was defective, and the court should have dismissed for lack of jurisdiction. (Id., ¶10(b)). In support of this claim, Petitioner alleged the police officer making the Complaint did not appear before the Clerk to swear to the Complaint. (Id.)

In Petitioner's third ground for relief, he asserted there was no probable cause for the Deputy Court Administrator to issue an arrest warrant for Petitioner "on any first or second degree crime." (Id., ¶10(c)). Petitioner challenged the constitutionality of the arrest warrant in his criminal proceedings, and his motion was denied on July 27, 2015. (Id., ¶12.)

II.  DISCUSSION

"Both [28 U.S.C.] Sections 2241 and 2254 authorize . . . challenge[s] to the legality of . . . continued state custody." Coady v. Vaughn, 251 F.3d 480, 484 (3d Cir. 2001). It is well established "that when two statutes cover the same situation, the more specific statute takes precedence over the more general one." Id. The purpose of this doctrine is to avoid undermining limitations created by the more specific statute. Id. at 484 (quoting Varity v. Howe, 516 U.S. 489, 511 (1996)).

3

28 U.S.C. § 2254(b)(1)(A) requires exhaustion of state court remedies before a writ of habeas corpus can be granted. Allowing a petitioner to challenge his state court conviction and sentence under § 2241 would undermine the statutory exhaustion requirement of § 2254. Therefore, Petitioner must bring his petition under 28 U.S.C. § 2254, and the Court will dismiss the § 2241 petition for lack of jurisdiction. See Whitney v. Horn, 280 F.3d 240, 250 (3d Cir. 2002) (dismissing § 2241 petition raising unexhausted constitutional claims.)

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). "State courts, like federal courts, are obliged to enforce federal law." Id. at 844. State courts should have the first opportunity to review federal claims and provide relief. Id. "This rule of comity reduces friction between the state and federal court systems. . ." Id. at 845.

To fully exhaust state court remedies, a petitioner must fairly present his federal claims in one complete round of the State's appellate review process. Id. In the state of New Jersey, exhaustion of federal claims includes first presenting the claims to the state trial and appellate courts, and in a petition for review in the New Jersey Supreme Court. See Johnson v. Pinchak, 392 F.3d 551, 556 (3d

Cir. 2004) (exhaustion was satisfied where petitioner presented federal claim to New Jersey PCR Court, and the denial of relief was affirmed by the Appellate Division and the New Jersey Supreme Court.)

Petitioner has not yet appealed his conviction and sentence in the state appellate courts. Petitioner should exhaust his state court remedies before filing a petition under 28 U.S.C. § 2254. Petitioner should also be aware of the one-year habeas statute of limitations under 28 U.S.C. § 2244(d)(1), (2).

III. CONCLUSION

Petitioner's claims challenging his state court conviction and sentence are properly brought under 28 U.S.C. § 2254 after exhausting state court remedies. In the accompanying Opinion filed herewith, the Court will dismiss Petitioner's § 2241 petition for lack of jurisdiction.

Dated: _____ March 8 _____, 2016

_____
**RENÉE MARIE BUMB**
**UNITED STATES DISTRICT JUDGE**

5